Commonwealth of Pennsylvania ex rel. William Hen-
derson *v.* Masonic Home of Pennsylvania et al.,
Appellants.

*Corporations—Mandamus—Quo warranto.*

Where a decree in mandamus directing a corporation to recognize a
particular person as an officer, is based solely upon a prior judgment of
ouster against another claimant of the office, and appeals are taken both
from the judgment of ouster and the decree of mandamus, the Supreme
Court in reversing the judgment of ouster and entering judgment in favor
of the defendant in that proceeding, will reverse the decree of mandamus,
inasmuch as there is nothing upon which the mandamus can operate after
the judgment of ouster has been reversed.

Argued April 5, 1898.    Appeal, No. 112, Jan. T., 1898, by
defendants, from order of C. P. No. 2, Phila. Co., March T.,
1896, No. 1003, on petition for mandamus.    Before STER-
RETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.
Reversed.

Petition for mandamus.

The facts appear by the opinion of the Supreme Court and
the report of Commonwealth v. O'Donnel, ante, p. 14.

*Error assigned* was in entering decree awarding a peremptory
mandamus.

*Robert H. Hinckley* and *F. Carroll Brewster,* for appellants.
—The general rule that judgments are conclusive only upon
parties to the record or their privies applies to proceedings in
quo warranto.    A judgment of ouster, therefore, in no manner
concludes the rights of one who was not a party to the action:
High's Extraordinary Legal Remedies, sec. 748; People **v.**
Murray, 73 N. Y. 535.

*George Henderson* and *M. Hampton Todd,* for appellee.—The
proposition that title to an office can only be tried in quo war-
ranto needs no authority to sustain it.    And it is equally true
that title cannot be tried in mandamus.    It is also true that,
if on the application for a mandamus there be any doubt as to
the title of the relator, he will first be compelled to establish it

.by an action in quo warranto. Judgment of ouster and a de-
.cree of election in his favor may then be enforced by mandamus :
Com. v. County Commissioners, 5 Rawle, 75 ; Com. v. Burrell,
7 Pa. 34; Com. v. Mann, 5 Dist. Rep. 439.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898:

This case was argued with No. 177, January term, 1898,
Com. ex rel. William H. Henderson v. John O'Donnel, in
which an opinion has just been filed reversing the judgment of
ouster, etc., entered by the court below against the defendant,
on demurrer to his answers, and entering judgment here in his
favor, ante, p. 14. That judgment of ouster was and is the
sole basis of the decree in this case sustaining the demurrer to
defendant's return and peremptorily commanding them "to place
the name of the relator, William H. Henderson, on the roll of
managers of the Masonic Home of Pennsylvania, to recognize
him as a manager thereof, and to permit him to enjoy and pos-
sess the said office of manager of the Masonic Home of Phila-
delphia, its privileges and franchises, and not to exclude him
therefrom."

This mandatory decree was entered pending the defendant's
appeal from the said judgment of ouster, etc., in the quo war-
ranto proceeding.

The only subject of complaint in this case is the entry of the
above quoted mandatory decree.

Aside from any question as to its merits or demerits—which
it is unnecessary now to discuss—it is very evident that this
decree cannot be affirmed, because the judgment of ouster, etc.,
on which alone it was based, has not only been reversed and set
aside by this court, but in lieu thereof we have entered a final
judgment, on the demurrer, in favor of the defendant. There is
therefore nothing to sustain the mandatory decree, nor is there
anything upon which it can operate.

Without referring to the undisputed facts in this case, all of
which appear in the record,—or attempting to discuss the ques-
tions supposed to be involved, it is sufficient to say that we are
satisfied the learned court erred in sustaining the demurrer and
entering the mandatory decree complained of.

The decree is therefore reversed and set aside, and the peti-
tion for mandamus is dismissed at the appellee's costs.